Albert H. **CARTER**

v.

The **UNITED STATES.**

No. 127–66.

United States Court of Claims.

June 25, 1975.

Albert H. Carter, pro se.

Leslie H. Wiesenfelder, Washington, D. C., with whom was Acting Asst. Atty. Gen. Irving Jaffe, for defendant.

Before DAVIS, NICHOLS and KASHIWA, Judges.

## OPINION

**PER CURIAM:**

The court has considered the motions of plaintiff for rehearing and defendant's for rehearing to alter and amend judgment, relating to the court's opinion of January 22, 1975, 206 Ct.Cl. ——, 509 F.2d 1150, the briefs in support thereof, and the replies thereto.

■ We have decided to allow defendant's motion in substantial part, but without dismissing the petition. As defendant says, the court took a line of its own selection. After the efforts of all concerned appeared only to add to the confusion of the record and render the issues more numerous and complex, we found what we considered a suitable key to resolution of the case, suggested by neither side. In the circumstances, we are required to consider motions for rehearing with exceptional care. *General Electric Co. v. United States,* 189 Ct.Cl. 116, 117, 416 F.2d 1320, 1321 (1969). We have done so.

■ Defendant makes much of our error in citing Department of Defense Regulations, 24 Fed.Reg. 1704, and parts 41 and 44 of Title 32, Code of Federal Regulations, that relate to enlisted men. Plaintiff was an officer. Defendant admits there are no corresponding provisions for officers. The references have relevance as showing the policy of the Department of Defense as to a matter analogous to the one before us, *i. e.,* the award of stigma-type discharges to enlisted men. We assume the Department would not say it would refuse officers in jeopardy of such discharges comparable protection. However, the references in the slip opinion should be and are amended as follows:

Page 1152.  6 lines from bottom, place period after "decorations"—delete remainder of sentence.

Page 1154.  Delete sentence starting the second full paragraph, which begins, "The Defense Department * * * "

Page 1156.  Last sentence on the page.  Delete entire sentence.

Page 1156.  First sentence after the word "specification" insert "in the case of enlisted men,"

Page 1157.  8 lines from bottom—Change the comma after "court" to a period—delete remainder of sentence.

Defendant also points out that Carter was not in jeopardy of, and was not awarded, an undesirable discharge.  Erroneous references to "undesirable discharge" are also corrected as follows:

Page 1153.  Part II. 7th line—delete "undesirable discharge" and insert "discharge under other than honorable conditions."

Page 1154.  Amend second sentence after second quote (line 19) to delete the words "an undesirable," and the comma following the word "dishonorable"

We turn to defendant's arguments as to substantive law.  The one we deem to require the most attention is that we have misconstrued AFR 36–2, paragraph 4d, in that it does not really shift the burden of proof to the respondent in providing: "The burden rests upon the respondent to refute, rebut, or mitigate the evidence presented by the Air Force."  Defendant says that the procedure merely formalizes the respondent's "obligation to meet in a full adversary context, the *prima facie* case created by the evidence presented by the Air Force * * * " and moreover, the courts have, it says, required AFR 36–2 discharges to be supported by "substantial evidence".  Defendant goes so far as to urge that "the substantial evidence tests puts the burden of proof squarely on the Air Force."

Under AFR 36–2, paragraph 14b, the Board is to be furnished operating instructions in a Guidance Manual.  Such a Manual was used in plaintiff's case and is in evidence.

The said Guidance Manual states at the outset, over the signature of the Chief of Staff:

* * * You should keep foremost in your mind the fact that such a case prior to referral to you was carefully reviewed by a board which decided that this officer should be required to justify to your satisfaction his retention in the service.

The preface page states:

* * * * * *

d.  Burden of proof [is] on respondent.

The Sample Letter of Notification states:

* * * * * *

6.  Unless you can successfully refute, rebut, or raise serious doubt as to the reasons contained in inclosure II, [*i. e.,* the charges] you may be discharged.

The Manual indicates that the board may pursue reasons for separation other than stated in the charges, called "newly discovered reasons."  The Manual continues:

* * * The respondent must *effectively* refute, rebut, or raise serious doubt as to the statement of reasons on which he has been selected to show cause or any additional reasons which may be developed by the board of inquiry as to why he should not be discharged.  * * * (emphasis in original).

The Manual also states:

—The Air Force having stated its case, it became the respondent's responsibility to present the necessary evidence to refute the statement of reasons why he has been selected to show cause and any other reasons or information developed by the board.  This refutation normally must consist

of the presentation of some evidence more than a simple denial by the respondent.

—The interests of the Air Force being paramount, board members must exercise extremely high personal vigilance to preclude undue compassion for the respondent affecting their decision. Further, board members must remain constantly aware of the main issue to be resolved and must not allow that issue to become confused through technicalities or tactics employed by the respondent or his counsel.

At the opening of the board proceeding, the Senior Board Member (presiding) is to address the respondent in part as follows:

* * * You have been selected to "Show Cause," because in the opinion of a board of senior Air Force officers, you failed to achieve such standards as the Secretary of the Air Force has prescribed. The Air Force case is founded upon but is not limited to documents previously presented to you. If any additional reason or information is made available to this board, you will be so advised and afforded opportunity to prepare your defense. It is your responsibility to refute, rebut, or raise serious doubt as to the statement of reasons why you have been selected to show cause for retention, or any additional reasons here developed. This refutation or rebuttal will normally be substantiated by evidence more than a simple denial by you. You are also advised that this hearing is administrative in nature and is not subject to the rules and procedures governing court action.

Our interpretation of AFR 36–2 we thought derived support from the Manual, and was nowhere refuted therein. Assuming, however, that defendant is right, the question of improper command influence immediately arises. On defendant's interpretation, the Board received instructions which were unwarranted by the Regulation and stripped away the safeguards the Regulation provided.

Bearing on the improper command influence issue, we further note that the file which was in the board's possession during its deliberations, and with which Carter was required to admit familiarity, included an endorsement over the signature of Francis H. Griswold, Lieutenant General, USAF, Vice Commander in Chief of SAC, and therefore the common superior of Carter and all the Board members. Among other things, the endorsement states:

* * * An evaluation of the attached file indicates that Captain Carter has established a pattern of seeking every means of avoiding his obligations, with consequent embarrassment to his military superiors. His calculated conduct is incompatible with the standards expected of a commissioned officer. This Command believes that release and subsequent hearing under AFR 45–40 would serve the best interests of the United States Air Force in that such a procedure would deny the officer further opportunity to involve the service in his manipulations, and still provide him with an appropriate forum in which to air his claims of propriety and good faith. * * *

This communication also indicates that General Griswold did not desire Carter to receive a stigma-type discharge, for he says:

* * * his offenses would not normally result in discharge under other than honorable conditions. * * *

General Griswold also desired a different procedure under which Carter would be released before the hearing. It is clear, however, that he considered that Carter was guilty and should be got rid of. Moreover, Griswold was speaking for the SAC commander, to whom the previous endorsement was addressed.

Reading this endorsement with the Manual provisions earlier quoted, the Board Members could have had little doubt as to what their duty was respect-

ing Carter, unless he produced exculpatory evidence of some unforeseen kind. Instead, he displayed his usual self, and his doom was sealed.

We have no doubt, therefore, that Carter was placed in a position where to retain his commission, he had to carry the burden of proof. The Manual expressly says this. There is nothing to show a different allocation of burden as to his jeopardy to a stigma-type discharge, as defendant also urges without support of authority. If AFR 36–2 does not authorize this, as defendant now urges it does not, that is good news for civil libertarians, but it does not help defendant to win this case.

By accepting, as we do, defendant's interpretation of AFR 36–2, we avoid having to consider defendant's forebodings as to the impact our decision will have. However, we would point out in self-defense that we expressly limited it to what we supposed to be a rare situation, i. e., imposition of a stigma-type discharge in a show cause proceeding in which the respondent bore the burden of proof. Defendant cites numerous reported cases in which AFR 36–2 type procedure was upheld, but none involved the combination we have here, a fact that supports our belief that the situation was and is unusual if not rare. At any rate, we assume defendant will make its interpretation of AFR 36–2 known to future Boards and that they will require the Air Force to bear the burden of proof at least wherever a stigma-type discharge is under serious consideration.

Defendant says AFR 36–2 accords to reservists rights granted by statute only to regulars, an advantage to them. However, we concluded, with support in the Manual, that a regular officer cannot legally receive a stigma-type discharge after mere administrative proceedings of any kind, and in this regard AFR 36–2 show cause procedure does not and cannot treat regulars and reservists alike.

Accordingly, we affirm our judgment and deny defendant's motion to the extent it seeks dismissal of the petition, while allowing it to the extent of the revisions in our opinion above stated.

Plaintiff's corresponding motion raises no issue of substance and it is hereby denied.

Both parties have also moved for rehearing *en banc.* Upon consideration of said motions by all the active judges of the court, a majority having voted against such rehearing *en banc,* both of said motions are denied.