**Albert H. CARTER**

v.

**TELECTRON, INC.***

**Civ. A. No. 71–H–944.**

United States District Court,
S. D. Texas,
Houston Division.

Dec. 3, 1976.

See also, D.C., 452 F.Supp. 944.

* Consolidated with the following in which Albert H. Carter is the Plaintiff:

C. V. Kern, 72–H–344; R. E. Turrentine, Jr., 72–H–345; W. J. Estelle, Jr. (eight cases), 72–H–1109, 75–H–314, 75–H–1514, 76–H–704, 76–H–705, 76–H–814, 76–H–908, 76–H–1342; Jack Heard (three cases), 74–H–42, 74–H–1260, 75–H–438; V. Bailey Thomas (three cases), 75–H–21, 76–H–1446, 76–H–1550; John L. Hill, 75–H–1134; Richard I. Colton, 75–H–1138; Murray G. Kinney, Jr., 75–H–1184; U. S., 75–H–1392; Billy G. McMillan, 75–H–1402; Oscar S. Savage, 75–H–1679; Texas Agribusiness Co., 75–H–1992; Robert W. Beam, 76–H–130; Edward W. Wadsworth (two cases), 76–H–457, 76–H–1549; Ray Hardy (two cases), 76–H–458, 76–H–1044; Carl O. Bue, Jr., 76–H–707; Horace G. Cook, 76–H–863; Frans O. Borup, 76–H–1035; Thomas Reed, 76–H–1037; Samuel Robertson, 76–H–1038; Edward Levi, 76–H–1655; John V. Singleton, Jr., 76–H–1663; J. Weingarten, Inc., 76–H–1774; Masco Mechanical Contractors, Inc., 76–H–1778; Andrew Dolce, 76–H–1780; and Anthony D. Sheppard, 76–H–1880.

## MEMORANDUM AND ORDER

CARL O. BUE, Jr., District Judge.

### I. INTRODUCTION

Albert H. Carter, plaintiff in the above-styled and numbered cases, has requested leave to proceed in forma pauperis in Civil Action 76–H–1342, styled *Carter, et al. v. Estelle, et al.,* 519 F.2d 1136 (5th Cir.). Because the determination of plaintiff's status as a pauper under 28 U.S.C. § 1915 is relevant to all pending litigation filed by plaintiff in which he has proceeded as a pauper, this Order is applicable to and is therefore entered in each of the actions listed above.

For the reasons discussed herein, Albert H. Carter is denied permission to proceed in forma pauperis in this Court. Accordingly, because of plaintiff's changed circumstances, as hereinafter described, the Court determines that the failure of plaintiff to pay to the Court Clerk the filing fee and costs of service in any of the above-listed actions within thirty (30) days will result in the dismissal of the lawsuit or, in the case of multiple-plaintiff actions, in plaintiff's dismissal from the action.

### II. PLAINTIFF'S CHANGED CIRCUMSTANCES

*Carter, et al. v. Estelle, et al.,* Civil Action 76–H–1342, was transferred to this Court's docket from the Eastern District of Texas, Tyler Division, on August 10, 1976. Because the in forma pauperis affidavits of plaintiffs, including plaintiff Carter, were not on the recently-revised forms of the Southern District of Texas, the Clerk of the Court sent to each plaintiff on October 10, 1976, the appropriate form for completion. The notarized affidavit of Albert H. Carter was filed on November 9, 1976, after two prior submissions by plaintiff Carter of October 18, 1976, and November 1, 1976, had been returned to him for failure to complete the recently-revised, as opposed to an outdated, form of affidavit to proceed in forma pauperis.

Question No. 6 in the revised affidavit asks the following question:

"Do you have the right to presently collect any assets, including money, based upon a personal loan, a business loan, a court judgment, or other source? Yes_____ No_____ If yes, please explain on reverse side of this sheet."

Plaintiff Carter's written response under oath was as follows:

"Yes. I own a money judgment against an out-of-state corporation which has no assets in Texas. The judgment was rendered by a Texas state court. I am now engaged in litigation in the other state to collect the judgment. The corporation is resisting the litigation, which was filed several months ago. I have no idea or estimate when a judgment will be rendered.

"I also own a $900 judgment against a sole proprietorship located in Dallas, Texas which has been defunct for more than four years. I am attempting to locate the owner, but thus far have had no success.

"I also won a default decree two years ago in a money damage suit against Sheriff Jack Heard of Harris County, Texas, but it must be tried on the issue of the amount of damages. It is pending in this

federal court, and I expect that it will be set for trial sometime in the next 15 or 20 YEARS, if I am lucky."

However, upon discovery by the Court of the opinion of the Court of Claims in *Carter v. United States,* 509 F.2d 1150 (1975), *reaffirmed,* 518 F.2d 1199, 207 Ct.Cl. 316 *cert. denied,* 1976, 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86, granting plaintiff relief and remanding back to the trial division of the Court of Claims for a determination of damages due plaintiff, and in light of plaintiff's failure to include such action in his response under oath to Question No. 6, this Court entered on November 15, 1976, the following Order:

> "Plaintiff Albert H. Carter will, within five (5) days, complete and return the attached affidavit relevant to his request to proceed in forma pauperis. Failure of plaintiff Carter to comply with this Order will result in disapproval of his application to proceed as a pauper."

The attached affidavit for completion stated:

> "Question: Have you within the past twelve (12) months obtained a final judgment in any action brought by you against the United States?
>
> Answer:  Yes _____  No _____
>
> If your response is yes, as to each judgment state the:
>
> (1) date final judgment was entered;
>
> (2) style of the case, the court and docket number;
>
> (3) amount in monetary damages awarded pursuant to such judgment;
>
> (4) whether such damages have been collected, and if not collected, the reason for such failure. (If more space is needed, use the reverse side of this sheet.)
>
> I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury."

Plaintiff submitted a completed, verified affidavit in response to the Court's November 15, 1976, Order on November 17, 1976, in which, in lieu of answering each delineated question on the affidavit, he stated under oath as follows:

> "In January 1975 (more than 12 months ago), I won a *decision* in my favor in the United States Court of Claims, in the cause there docketed as No. 127–66, *Albert H. Carter v. United States,* 509 F.2d 1150 (1975 Ct.Cl.) and that decision has become final. I was not awarded any 'monetary damages' in that action, and I did not sue for any 'monetary damages' in that action. I did win in that action certain military pays and allowances, due me since December 1960, but no 'monetary damages.' I am genuinely confused as to what constitutes a 'judgment' in the Court of Claims. For purposes of petitioning the Supreme Court for a writ of certiorari, the Court of Claims 'decision' of January 1975 has the status of a 'final judgment,' although it was not expressly called a 'final judgment.' Because of this confusion on my part, I cannot state precisely *when* a 'final judgment' was entered. In any event, payment of the military pays and allowances which I won in that action has not yet been tendered by the Government. The amount won is approximately $5,400. I do not remember the *exact* amount, and do not presently have access to all of my legal papers relating to that litigation, hence I cannot specify herein the exact amount. It was less than $5,500. I do not know whether, if ever, the Government intends to tender payment of the amount won in that litigation. I understand that I cannot obtain a Writ of Execution against the United States, and in any event the people at Fort Knox might resist it."

Based upon the facts disclosed by plaintiff, and in order to confirm the statements of plaintiff, the Court contacted the United States Court of Claims and the General Accounting Office to inquire as to the current status of the judgment. In response to the Court's inquiry, Mr. Frank T. Peartree, Clerk, United States Court of Claims, sent to the Court certified copies of two relevant documents which were filed as a matter of record on November 23, 1976, and are attached to this Order: (1) a letter from Mr. Peartree to Mr. Albert H. Carter at 5901 Weber, Apt. 3403, Corpus Christi, Texas

78413, informing Mr. Carter of the procedure to follow in collecting the final judgment and enclosing the (2) transcript of judgment in *Albert H. Carter v. United States*, 509 F.2d 1150 (United States Court of Claims). Additionally, the Court has received a copy of a letter dated November 18, 1976, from Mr. H. J. Shahan, Chief, Payment Claims Branch, General Accounting Office, addressed to Mr. Albert H. Carter, c/o Ellis Unit, Route 3, Huntsville, Texas 77340, explaining the procedure to be followed in collecting the $5,486.76 award pursuant to the final judgment of April 2, 1976, in Court of Claims No. 127–66. The Court has learned from the General Accounting Office that plaintiff Carter has, within the past week, requested disbursement of the award, and that plaintiff's application presently is being processed.

■ Based upon plaintiff's affidavits of November 9, 1976, and November 17, 1976, and the documents submitted to this Court on November 23, 1976, the Court determines that plaintiff has the economic resources to finance the prosecution of his multiple private actions in that he has the present right to collect an outstanding court judgment in the amount of $5,486.76. Plaintiff therefore does not qualify as an indigent within the scope of 28 U.S.C. § 1915.

## III. APPLICABLE LEGAL STANDARD

Section 1915(a) of 28 U.S.C. provides:

"(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress."

As this Court previously has stated:

" . . . there are no 'magic formulas' for making the determination that the requisite in forma pauperis status is present, but instead, there is required a careful scrutiny and weighing of all of the relevant facts and circumstances involved in each particular situation."

*Dreyer v. Jalet*, 349 F.Supp. 452 (S.D.Tex. 1972), *aff'd*, 479 F.2d 1044 (5th Cir. 1973). Although the question of whether or not a particular litigant's financial situation qualifies him for the benefits of the statute is many times difficult, *see, e. g., Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975), it is axiomatic that a litigant who presently has available to him funds in excess of $5,000.00 does not qualify as a pauper.

■ Because plaintiff is no longer indigent, he may no longer prosecute at public expense the large number of actions presently on file in this Court. *See Perry v. Walker*, (1844) 1 Colly.Ch.Cas. 229, 63 Eng. Reprint, 396, 31 L.J.Ch.N.S. 75, 8 Jur. 680, *discussed in* 6 A.L.R. 1281 at 1284 (1920); *Moyers v. Moyers*, (1872) 11 Heisk. (Tenn.) 495, *discussed in* 6 A.L.R. 1281 at 1286 (1920). In determining whether plaintiff should be entitled to proceed to final resolution without prepayment of costs, this Court is not bound by plaintiff's economic status on the date of filing. *In re Stump*, 449 F.2d 1297 (1st Cir. 1971); *Dreyer v. Jalet, supra*, 349 F.Supp. at 459–60; *Roberts v. I–T–E Circuit Breaker Co.*, 316 F.Supp. 133, 134 (D.Minn.1970). Rather, the Court should, if necessary, take into account all relevant changes in plaintiff's financial condition, both prior to and subsequent to the filing of suit. Thus, if the allegation of poverty is no longer true because of a subsequent improvement in the economic status of plaintiff, it is within the authority of this Court to dismiss the proceeding, *see* 28 U.S.C. § 1915(d); *cf. Sturdevant v. Deer*, 69 F.R.D. 17 (E.D.Wis.1975), or, as discussed below, require that the costs of the litigation to date be paid by plaintiff in lieu of dismissal.

A clear and convincing analogy for the proposition that the United States may recover for its financing of an action pursuant to 28 U.S.C. § 1915 once the plaintiff is no longer indigent is found in 18 U.S.C. § 3006A, the statute which provides for the appointment of counsel to represent indi-

gent defendants in federal criminal prosecutions. Section 3006A(c) of Title 18 provides:

"A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings. If at any time after the appointment of counsel the United States magistrate or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate."

Additionally, subsection (f) states:

"Whenever the United States magistrate or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section."

Thus, while subsection (c) allows the Court to terminate the appointment of counsel, subsection (f) goes further and permits the Court to recoup on behalf of the United States for expenses previously borne. *Cf. United States v. Bursey,* 515 F.2d 1228 (5th Cir. 1975).

The United States Supreme Court has upheld the validity of a similar state statute that authorizes recoupment for expenses against

"those convicted defendants who are indigent at the time of the criminal proceedings against them but who subsequently gain the ability to pay the expenses of legal representation."

*Fuller v. Oregon,* 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). The Oregon statute in question in *Fuller v. Oregon, supra,* (Ore. Rev.Stat. § 161.665(1)) explicitly provides that the trial court may sentence a convicted indigent defendant to repay to the state the cost of his defense. By implication, 28 U.S.C. § 1915 carries the same interpretation. The employment of the word "prepayment" in Section 1915 does not indicate a congressional intent to forever absolve a civil litigant of the responsibility for paying the costs of actions originally brought pursuant to that statute. Rather, the inference is that by permitting one to proceed simply without "prepayment" of costs, the Court is not precluded from requiring postfiling reimbursement.

The purpose of 28 U.S.C. § 1915 is to provide access to the federal court for those persons economically unable to invoke its protection. The indigent plaintiff is accorded a privilege, not a right, and the scope of this privilege rests heavily in the Court's discretion. As stated by the Supreme Court in *Adkins v. E. I. DuPont de Nemours & Co.,* 335 U.S. 331, 337, 69 S.Ct. 85, 88, 93 L.Ed. 43 (1941):

"Sections 1 and 4 of the statute [28 U.S.C. § 1915] provide that a court may exercise a limited judicial discretion . . . [and] [w]e know of few more appropriate occasions for use of a court's discretion than one in which a litigant asking that the public pay costs of his litigation, either carelessly or wilfully and stubbornly endeavors to saddle the public with wholly uncalled for expense."

In exercising this discretion, courts have formulated the following legal tests to carry out the purpose of section 1915: Is petitioner barred from the Federal Courts by reason of his impecunity? *Souder v. McGuire,* 516 F.2d 820 (3rd Cir. 1975); Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States,* 415 F.2d 1115 (5th Cir. 1969); Is petitioner forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E. I. DuPont de Nemours & Co., supra.*

## IV. CONCLUSION

Because of plaintiff's recent and dramatic change in economic status, he no longer qualifies for public assistance under the legal standards as enunciated above. Thus,

"[h]aving raised himself above penury, petitioner must now confront the initial dilemma which faces most other potential civil litigants: Is the merit of the claim worth the cost of pursuing it?"

*Carroll v. U. S.*, 320 F.Supp. 581, 582 (S.D. Tex.1970).

To date, the Government has prepaid the cost of plaintiff's litigation. Within thirty (30) days, plaintiff will reimburse the Government for these prepaid costs in the following pending actions, according to the schedule listed below, and his failure to do so will result in the dismissal of the action or, in the case of multiple-plaintiff suits, his dismissal from the action.

| Cause No. | Filing Fee | + | Cost of Service ($3.00 per deft.) | = | Total Due |
|---|---|---|---|---|---|
| 71–H–944 | $15.00 | | $3.00 | | $18.00 |
| 72–H–344 | $15.00 | | $3.00 | | $18.00 |
| 72–H–345 | $15.00 | | $3.00 | | $18.00 |
| 72–H–1109 | $15.00 | | $3.00 | | $18.00 |
| 74–H–42 | $15.00 | | $3.00 | | $18.00 |
| 74–H–1260 | $15.00 | | $6.00 | | $21.00 |
| 75–H–21 | $15.00 | | $3.00 | | $18.00 |
| 75–H–314 | $15.00 | | $3.00 | | $18.00 |
| 75–H–438 | $15.00 | | $9.00 | | $24.00 |
| 75–H–1134 | $15.00 | | $30.00 | | $45.00 |
| 75–H–1138 | $15.00 | | $3.00 | | $18.00 |
| 75–H–1184 | $15.00 | | $3.00 | | $18.00 |
| 75–H–1392 | $15.00 | | $3.00 | | $18.00 |
| 75–H–1402 | $15.00 | | $9.00 | | $24.00 |
| 75–H–1514 | $15.00 | | $3.00 | | $18.00 |
| 75–H–1679 | $15.00 | | $30.00 | | $45.00 |
| 75–H–1992 | $15.00 | | $3.00 | | $18.00 |
| 76–H–130 | $15.00 | | $9.00 | | $24.00 |
| 76–H–457 | $15.00 | | $3.00 | | $18.00 |
| 76–H–458 | $15.00 | | $3.00 | | $18.00 |
| 76–H–704 | $15.00 | | $3.00 | | $18.00 |
| 76–H–705 | $15.00 | | $3.00 | | $18.00 |
| 76–H–707 | $15.00 | | $12.00 | | $27.00 |
| 76–H–814 | $15.00 | | $3.00 | | $18.00 |
| 76–H–863 | $15.00 | | $3.00 | | $18.00 |

| Cause No. | Filing Fee | + | Cost of Service ($3.00 per deft.) | = | Total Due |
|---|---|---|---|---|---|
| 76–H–908 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1035 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1037 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1038 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1044 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1342 | $15.00 | | $9.00 | | $24.00 |
| 76–H–1446 | $15.00 | | $9.00 | | $24.00 |
| 76–H–1549 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1550 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1655 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1663 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1774 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1778 | $15.00 | | $3.00 | | $18.00 |
| 76–H–1780 | $15.00 | | $12.00 | | $27.00 |
| 76–H–1880 | $15.00 | | $6.00 | | $21.00 |