Albert H. CARTER, 219125, Petitioner,

v.

John STETSON, Secretary of the Air Force, Respondent.

No. 79–8222.

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1979.

Albert Carter, pro se.

Mark White, Atty. Gen. of Texas, Austin, Tex., for respondent.

Before CLARK, GEE, and HILL, Circuit Judges.

BY THE COURT:

Carter, whose pro se causes infest the federal reports like a perennial weed,[1] presses on our panel his application for leave to appeal yet another at public expense. He filed that independent action to set aside the orders of dismissal with prejudice of a prior lawsuit, the history of which dates back to December 29, 1960, when Car-

ter was discharged from the Air Force "under less than honorable conditions." After lengthy court proceedings, the Court of Claims held that Carter had been improperly required to bear the burden of proof in the Air Force's proceedings against him. The court ordered that his discharge be corrected to show either an honorable discharge or a general discharge. *Carter v. United States*, 509 F.2d 1150, 1157, 206 Ct.Cl. 61 (1975), *amended*, 518 F.2d 1199, 207 Ct.Cl. 316, *cert. denied*, 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86. In 1976 the Air Force upgraded the discharge to "general."

Carter then filed an action attacking the validity of the general discharge, arguing that it was issued under Air Force Regulation (AFR) 36–2, which the Court of Claims had held unconstitutional. (*Carter v. Reed*, No. 76–H–1037, S.D.Tex.) The action was dismissed in March 1977 for failure to pay filing and service fees, after the court determined that applicant was not a pauper. Carter moved to vacate the dismissal. The court dismissed with prejudice as res judicata, sub nom. *Carter v. Telectron, Inc.*, 452 F.Supp. 944, 1001 (S.D.Tex.1977).

Carter next filed this suit as an "independent action" as per Rule 60(b), Fed.R.Civ.P., rather than as a motion to vacate judgment. He claims that he was not and is not attacking his 1960 discharge, but rather his 1976 discharge, and that therefore the Court of Claims decision does not render the later action res judicata. The court below dismissed the action on grounds that modification of the No. 76–H–1037 judgment is unwarranted. Leave to appeal in forma pauperis was denied below, and Carter now seeks it of us.

Despite Carter's protestations, the issues raised in No. 76–H–1037 are res judicata. In awarding applicant a general discharge, the Air Force was acting in obedience to the Court of Claims' explicit directions. *Carter v. United States*, 509 F.2d at 1157. Relitigation of the issues is foreclosed, the dismissal of No. 76–H–1037 was not error, and the dismissal of the action below was

---

1. *See Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979), and the 178 cases then known to have been filed by him collected at *Carter v. Telectron, Inc.*, 452 F.Supp. 944 (S.D.Tex.1977).

734

not error. Since an appeal would be frivolous and lacking in good faith, the motion to appeal in forma pauperis is DENIED.