per curiam:
This case is before the court on defendant’s motion to dismiss and for a protective order. The motion to dismiss is predicated on the grounds of lack of jurisdiction or, alternatively, that plaintiff has failed to state a claim upon which relief can be granted.
Plaintiff, proceeding pro se, seeks money damages and correction of his criminal records in other courts because of alleged flaws in his convictions. In 1961 plaintiff was convicted and fined for the offense of unlawfully wearing an Air Force uniform. He did not appeal. In 1962 he was convicted of perjury and served a year and one day in prison. Plaintiff has sought, by some 180 suits in various courts, to overturn the convictions, as well as for other and miscellaneous relief. He had filed three suits in this court, one of them successful on issues not now before us. Carter v. United States, 206 Ct. Cl. 61, 509 F.2d 1150 (1975), on rehearing, 207 Ct. Cl. 316, 518 F.2d 1199, cert. denied, 423 U.S. 1076 (1976).
The motion to dismiss challenges the pending claim on the grounds of plaintiffs failure to meet the tests set forth in 28 U.S.C. §2513 (1976) pertaining to compensation for unjust convictions and imprisonment. These tests require a pardon or certificate of court setting aside or reversing a conviction on the grounds of innocence of the offense for which convicted. Plaintiff concedes that he has not complied with this statute but denies that his claim is advanced thereunder. Plaintiff says that he asserts his claim under the Constitution and seeks damages and expungement of his criminal record because of substantial alleged violation of his fundamental rights under the sixth amendment. He also claims a taking of his liberty and property in violation of the fifth amendment and asserts that we have jurisdiction under 28 U.S.C. § 1491 (1976) of claims based on the Constitution. He also alleges breach of an implied contract *900 under the fifth amendment. Plaintiff bases his liberty claim on the thirteenth amendment. Plaintiff demands trial on the merits of issues he raises and says that his failures to succeed on similar claims in other courts do not bar him from advancing them here.
If plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court. This is not such a court and he cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages. This court has no jurisdiction over noncontractual monetary claims against the Government unless there is a constitutional provision, statute, or regulation which "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.” Eastport S.S. Corp. v. United States, 178 Ct. Cl. 599, 607, 372 F.2d 1002, 1008-09 (1967). There is no such statute or regulation here and the constitutional amendments relied upon by plaintiff do not grant a right to the payment of money for their violation, absent a taking of private property for public use, which does not apply to the facts here. United States v. Testan, 424 U.S. 392, 401-02 (1976); Brown v. United States, 227 Ct.Cl. 786 (1981).
We now address defendant’s request for a protective order. Defendant cites Carter v. Heard, 593 F.2d 10, 11 (5th Cir. 1979), where, in consideration of one of plaintiffs many cases, the court described him as "an incarcerated felon as well as an inveterate and devious pro se litigator.” The Court of Claims cited that description with approval in Carter v. United States, 226 Ct.Cl. 635, cert. denied, 454 U.S. 943 (1981). In Carter v. Telectron, Inc., 452 F.Supp. 939 (S.D. Tex. 1976), the district court rejected plaintiffs request to proceed in forma pauperis, in view of the judgment in his favor in the sum of $5,486.76 in the Court of Claims, Carter v. United States, 209 Ct. Cl. 790 (1976), and required that he reimburse the Government for filing fees and costs of service in 40 suits plaintiff had filed in that district court, or suffer dismissal of those suits. The court further said that the court was not bound by plaintiffs economic status on the date of filing. Plaintiff did not pay, and the claims were dismissed.
*901 In the case before us, the filing fee was waived by the court on April 24, 1981, on plaintiffs affidavit of the same date which stated that he qualified for such consideration since he was substantially without resources, having spent most of the last 10 years in prison.
In yet another case, Carter v. Telectron, Inc., 452 F.Supp. 944 (S.D. Tex. 1977), the district court in a detailed 62-page opinion set forth the history of plaintiffs litigation activities in the federal courts, to the extent they could be ascertained at that time. The court’s conclusion was that plaintiff was engaging in "frivolous and malicious filings * * * proceeding in forma pauperis, continuous misrepresentation of his financial status, and other deceptive practices.” 452 F.Supp at 945. The court entered a protective order requiring plaintiff, among other things, to send a copy of every petition he filed anywhere, to the staff law clerk in the Southern District of Texas, and ruled further that plaintiff would not be allowed to proceed in forma pauperis in any case filed in the future without showing good cause.
Plaintiff filed duplicative cases between the various branches of the judicial system. For instance, considering only the two convictions which plaintiff seeks now to have overturned, plaintiff has attempted to have his conviction for unlawful use of an Air Force uniform declared unlawful through two motions to vacate convictions, one mandamus action, and one habeas corpus action. He has attempted to have his perjury conviction overturned through two motions to vacate judgment, one action to set aside the conviction, one action to expunge all records of the conviction, and a civil rights action seeking to declare the conviction invalid. Clearly, this abuse of the judicial process and waste of judicial resources in litigating issues which have previously been considered and resolved by the Courts, must be controlled if the rights of serious plaintiffs to have their cases heard are to be protected and defendant’s resources for the processing of such cases are to be preserved. Plaintiffs petition states that he has had a history of psychiatric commitments and treatment, but it is clear that the papers he submits are well drawn although in some cases frivolous, harassing, vexatious, duplicative, *902 deceptive and in bad faith. We can and will require that he not manipulate the Judicial System and waste its time.
it is therefore ordered, without oral argument, that defendant’s motion to dismiss is granted for lack of jurisdiction. The petition is dismissed.
IT IS FURTHER ORDERED that:
(1) Plaintiff shall include in every petition hereafter filed in this court a list, by style, docket number, court, date filed, description and disposition, and identity of defendant in all cases previously filed on the same, similar, or related causes of action.
(2) Defendant is directed henceforward to make no response to any paper filed by this plaintiff under any docket number or caption unless it is specifically ordered to do so by the court. Defendant is assured that it will not be defaulted in any such case. If the court desires defendant to answer or to make any dispositive motion, it will be so advised. Otherwise, the prescribed times for any such answers or motions are to be deemed indefinitely suspended.
(3) Plaintiff will not be permitted to file any petition in forma pauperis without showing good cause, which determination shall be in the discretion of the court.