Albert H. CARTER, individually and in behalf of all others similarly situated, Plaintiff,

v.

Verne ORR, Secretary of the Air Force, and Air Force Board for Correction of Military Records, Defendants.

Albert H. CARTER, Plaintiff,

v.

Hans Michael MARK, Verne Orr, Thomas Care Reed, John Charles Stetson, Robert N. Meredith, and Michael J. Barret, Jr., Defendants.

Albert H. CARTER, Plaintiff,

v.

J. Dale PAFENBERG, Henry C. Saunders, Neil F. Galloway, M.T. Martin, and William T. Randell, Defendants.

Civ. A. Nos. 83-2046, 83-2216 and 83-2916.

United States District Court, District of Columbia.

June 27, 1984.

Albert H. Carter, pro se.

Joseph E. DiGenova, U.S. Atty., Royce C. Lamberth, Richard A. Stanley, Asst. U.S. Attys., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

*Introduction*

These matters are before the Court pursuant to defendants' motion to dismiss, vigorously opposed by plaintiff. Plaintiff, proceeding pro se, has at this time filed three separate actions in this Court seeking essentially the same relief he has sought since being discharged from the Air Force in 1960; the correction of his military personnel record under the guise of various theories. Because of plaintiff's extensive history of bringing such suits in this jurisdiction as well as many others, Mr. Carter is judicially bound to satisfy certain requirements before filing a cause of action in any federal or state court.[1] *See Carter*

---

1. The terms of the injunction imposed on Mr. Carter in *Carter v. Telectron, Inc., supra,* 452 F.Supp. at 1003, include:

*v. Telectron, Inc.,* 452 F.Supp. 944, 1002–3 (S.D.Texas 1977). Because plaintiff failed to satisfy any of the requirements and because the cases have essentially been previously brought before and addressed by other courts, this Court finds that plaintiff's cases must be dismissed.

*Background*

For almost a quarter of a century plaintiff has been continuously filing suits in many courts throughout the country seeking in one form or another the correction of his military personnel record. Plaintiff is indeed a very experienced pro se litigant, having at one time been recognized as the plaintiff in at least 178 suits. (*See Carter v. Telectron, Inc., supra* at 954–988 for a list and summary of the then known 178 cases maintained by Carter.)

Plaintiff's longstanding relationship with the judicial process as a pro se litigant

began more than 20 years ago, while he was a United States Air Force Officer. As described at great length in *Carter v. Telectron, Inc., supra,* 452 F.Supp. at 946–47; *Carter v. United States,* 509 F.2d 1150, 206 Ct.Cl. 61 (1925), modified, 518 F.2d 1199, 207 Ct.Cl. 316, *cert. denied,* 423 U.S. 1076, 96 S.Ct. 861, 47 L.Ed.2d 86 (1976), and *Carter v. United States,* 325 F.2d 697 (5th Cir.1963), *cert. denied,* 377 U.S. 946, 84 S.Ct. 1353, 12 L.Ed.2d 308 (1964), Carter was an Air Force Officer from 1948 to 1960 where he excelled as a bombardier-navigator. However, his Air Force career was ruined in 1960 when he was discharged for difficulties with the law concerning a series of criminal acts involving fraud and the related hospitalizations for mental examinations; all of which surfaced in 1959. Carter was eventually incarcerated and it was at this time that plaintiff began his practice of prolific litigation.

1. Because of plaintiff's misuse of the long-arm statute in a manner designed to avoid actual service of the complaint on defendant(s), *see* Part III.B.2.c., *supra,* plaintiff hereafter shall, in addition to using the appropriate service of process mechanism, personally send a copy of the complaint or petition to the defendant(s) or defense counsel, if known, at its correct address and submit documentary evidence to the respective court in a supplemental pleading that the complaint or petition has been so received.

2. Because of plaintiff's acknowledged and deliberate failure to serve on certain defendants copies of pleadings filed with the court and his admitted willingness to certify falsely that such procedure has been done, *see* Part III.B.2.d., *supra,* plaintiff hereafter shall personally send to counsel of record for defendant(s) a copy of every pleading to be filed with the respective court and submit proof to the court at the time the pleading is submitted for filing that opposing counsel previously has received a copy of the pleading.

3. Because of plaintiff's lack of veracity and good faith as documented throughout this opinion, all pleadings hereafter submitted by plaintiff for filing shall be verified, as provided for in Fed.R.Civ.P. 11.

4. In view of the duplicative nature of much of plaintiff's litigation and his predictable failure to disclose to the court the existence of prior similar filings which would aid the court *inter alia* in its initial Section 1915(d) determination, *see* Part III.B.2.b., *supra,* plaintiff shall include in every complaint or petition hereafter filed a list, by style, docket number, court, date filed, description and disposition, of (1) all cases previously filed on the same, similar or related

cause of action and (2) all actions previously filed against one or more of the defendants, including predecessors or successors in interest or office.

5. In order to assure the necessary dissemination of the List of Cases and other matters contained in this opinion, plaintiff shall include in every complaint or petition hereafter filed a statement which refers and cites to the instant order, including a citation to the Federal Supplement citation once available.

6. To ensure a minimal degree of judicial centralization and coordination as to this plaintiff beyond this District in accordance with the theory expressed by the Aldisert Committee, *see* Aldisert Report No. 2, at 45–49, and to provide a central depository and record of plaintiff's future case filings subsequent to the List of Cases which would be available to this and other courts for use in making *inter alia* a Section 1915 determination, plaintiff shall send a copy of every complaint or petition hereafter filed to the Staff Law Clerk, Southern District of Texas, Houston Division.

Additionally, plaintiff shall provide to this Court within sixty days a list, by style, docket number, court date filed, description and disposition, of those causes of action, excluding mandamus petitions filed at the appellate level of the state and federal court and other appellate filings which are not included in the List of Cases in Part III.B.1., *supra,* and which plaintiff has filed in any court since 1960.

Failure of plaintiff to comply with any of the orders stated herein will subject him to imposition of an appropriate sanction, including further restrictions on the nature of his access to the courts.

While incarcerated in Texas, plaintiff became such a prolific pro se litigant that at one time he received the dubious honor of being recognized as "the most litigious prisoner in the Southern District of Texas." *Carter v. Telectron, Inc., supra,* 452 F.Supp. at 947. The problem with plaintiff's bringing so many cases before the courts is that most of them have proven to be in some way or another duplicative and interrelated to cases previously brought by Carter and considered by the courts. Recognizing this problem, Judge Carl O. Bue, Jr. of the Southern District of Texas saw fit to issue an injunction requiring plaintiff to meet certain requirements before filing an action in any federal or state court. *See Carter v. Telectron, Inc., supra,* 452 F.Supp. at 1003–4. Contrary to plaintiff's assertion that no such injunction was ever rendered because "a separate document" was never issued, Judge Bue expressly provided for and ordered plaintiff to comply with the injunction as part of his memorandum opinion entered in *Carter v. Telectron, Inc., supra,* 452 F.Supp. at 1003.

In the three cases presently before this Court, Carter once again seeks to correct his military personnel record. In *Carter v. Orr,* C.A. No. 83–2046, plaintiff purports to represent "all present and former officers, warrant officers, cadets and enlisted men of the United States Air Force, or its predecessor, the United States Army Air Corps, and of the various reserve components of the Air Force, who presently or in the future may desire to seek relief in the nature of correction of their military records" and seeks an order amending the regulations governing the Air Force Board for the Correction of Military Records ("AFBCMR"). In *Carter v. Mark, et al.,* C.A. No. 83–2216, plaintiff seeks the amendment of his own military record and damages. In *Carter v. Pafenberg, et al.,* C.A. No. 83–2916, plaintiff alleges that the named members of the AFBCMR improperly denied his application for the correction of his military personnel record and seeks damages against them. In bringing these actions, Carter never once sought to comply with the requirements imposed by

Judge Bue's injunction and for that reason alone plaintiff's cases should be dismissed.

These cases can also be dismissed on the grounds of *res judicata.* All three actions concern Carter's personal vendetta with the Air Force in having his military personnel record changed and are duplicative and interrelated with cases previously brought by plaintiff in various courts. Mr. Carter's military personnel record was in fact changed from a dishonorable discharge to reflect that he was discharged under "honorable conditions due to severe character disorder." *Carter v. United States, supra* 509 F.2d at 1157.

Plaintiff previously had a similar case dismissed by Judge John H. Pratt of this Court on grounds of *res judicata.* Judge Pratt noted that:

> [t]his action seems particularly appropriate for applying the doctrine of res judicata. The purpose of that doctrine is to eliminate needless repetitive litigation. It has gone on for over 14 years and involved the energies of at least six courts, not to mention the thousands of hours expended by countless civil servants. *Carter v. United States,* (Memorandum and Order C.A. No. 76–1181, August 4, 1977, at 4).

Similarly, in a recent case brought by plaintiff in this Court, again pertaining to military personnel records, *Carter v. Department of the Air Force,* C.A. No. 83–0985, Judge Gerhard A. Gesell, acting sua sponte, dismissed plaintiff's complaint on grounds of *res judicata.*

This Court also sees fit to dismiss plaintiff's three cases now pending. Whatever distinctions plaintiff attempts to make, all three cases are in fact related to and stem directly from his ongoing personal battle with the Air Force. Mr. Carter is not the typical pro se litigant. With over twenty years of experience before the courts, plaintiff is undoubtedly quite familiar with the judicial process. Besides writing well, plaintiff has mastered disguising cases that are obviously related to his continuing battle with the Air Force by trying to make

distinctions between the cases and maintaining them as separate causes of action. Judge Bue made it clear that the courts in this country will not tolerate such abuse by imposing an injunction on plaintiff. This Court agrees with Judge Bue's concerns and will require plaintiff to comply with each and every requirement stated in Judge Bue's injunction before bringing a suit in this court.

*Conclusion*

Accordingly, upon consideration of defendants' motion to dismiss plaintiff's reply thereto, the memoranda in support thereof and the entire record herein, it by the Court this 26th day of June, 1984.

ORDERED that C.A. Nos. 83–2046, 83–2216 and 83–2916 are hereby dismissed with prejudice; and it is

FURTHER ORDERED that before plaintiff files a similar related action in this court, he must satisfy the requirements of the injunction imposed on him in *Carter v. Telectron, Inc.*, 452 F.Supp. 944, 1003–4 (S.D. Texas 1977); and it is

FURTHER ORDERED that because plaintiff never fully effectuated proper service on defendants, the default entered by the Clerk of the Court in C.A. 83–2046 is hereby vacated.

### APPENDIX A

Besides the 178 cases brought by plaintiff that were listed in *Carter v. Telectron, Inc., supra,* 452 F.Supp. [944] at 954–988, in 1977, by running a Lexis computer check this Court has discovered that Mr. Carter is the plaintiff in forty-six reported cases in federal and state courts. As to cases filed by plaintiff against the Air Force and its officers, besides the three cases at issue before this Court, the defendant has located nineteen such actions and has provided the Court with the following summary:

1. *Carter v. White, et al.*, No. 1755 (M.D. Ga.1961) (challenged administrative discharge; dismissed for failure to pay filing costs).

2. *Carter v. Kingsley*, No. 2362 (E.D. Va.1961) (libel action against Air Force officers and employees; dismissed).

3. *Carter v. United States*, No. 14344 (S.D. Tex.1962) (challenge administrative discharge; dismissed for want to prosecution).

4. *Carter v. Zuckert*, No. 64–H–30 (S.D. Tex.1963) (action seeking damages and reinstatement in the grade of captain; dismissed for lack of jurisdiction because of identical action in the Court of Claims. Case is reported at 411 F.2d 767 (5th Cir. 1969), *cert. denied,* 397 U.S. 941 [90 S.Ct. 953, 25 L.Ed.2d 121] (1970).

5. *Carter v. United States*, No. 127–66 (Ct.Cl. 1966) (original filing of lawsuit ultimately resulting in the Court of Claims disapproving the discharge under other than honorable conditions but approving a discharge under honorable conditions. Case is reported at 509 F.2d 1150 [206 Ct.Cl. 61] (Ct.Cl. 1975), *modified* 518 F.2d 1199 [207 Ct.Cl. 316] (Ct.Cl. 1975), *cert. denied* 423 U.S. 829 [96 S.Ct. 861, 47 L.Ed.2d 86] (1976).

6. *Carter v. United States*, No. 69–G–5 (S.D. Tex.1969) (action for damages relating to discharge; dismissed on grounds of statute of limitations and collateral estoppel).

7. *Carter v. United States*, No. 75–H–1392 (S.D. Tex.1975) (claim for educational benefits based on Court of Claims decision to mandate upgraded character of discharge; voluntarily dismissed after pauper status denied).

8. *Carter v. United States*, No. TY 76–56–CA (E.D. Tex.1976) (action challenging validity of the Court of Claims ordered general discharge; dismissed on grounds of improper venue).

9. *Carter v. United States*, No. TY 76–57–CA (E.D. Tex.1976) (action seeking damages for allowances denied pending the involuntary discharge; dismissed on grounds of improper venue).

10. *Carter v. Reed*, No. 76–0413 (D.D.C. 1976, transferred to S.D. Tex. under number 76–C–50) (request for declaratory, injunctive and mandamus relief regarding

Air Force regulations governing administrative proceedings; dismissed for failure to state a claim). Appeal denied as frivolous.

11. *Carter v. Reed*, No. 76–1012 (D.D.C. 1976) (action seeking damages against the Air Force under the Privacy Act; dismissed, *aff'd*, No. 77–1744 (D.C. Cir. Dec. 20, 1977), *cert. denied*, 439 U.S. 842 [99 S.Ct. 135, 58 L.Ed.2d 142] (1978). In 1981, Carter moved pursuant to Fed.R.Civ.P. 60(b) for reconsideration of the 1977 dismissal of his Privacy Act claim. The District Court denied the motion and plaintiff appealed. The Court of Appeals remanded for a statement of reasons. *Carter v. Orr*, No. 81–1608 (D.C. Cir. June 1, 1982). Carter then appealed from District Court's order clarifying its reasons and from its denial of a motion to file a supplemental complaint. The Court of Appeals affirmed. *Carter v. Orr*, No. 83–1696 [729 F.2d 863] (D.C. Cir. Feb. 1, 1984). Petitions for rehearing and for rehearing *en banc* were denied. *Carter v. Orr*, No. 83–1606 (D.C. Cir. Mar. 5, 1984).

12. *Carter v. Reed*, No. 76–H–1037 (S.D. Tex.1976) (action challenging validity of the general discharge ordered by the Court of Claims; dismissal affirmed by the Fifth Circuit in *Carter v. Stetson*, 601 F.2d 733 (5th Cir.1979).

13. *Carter v. Reed*, No. 76–1181 (D.D.C. filed June 25, 1976) (action seeking damages as a result of discharge; dismissed on grounds of *res judicata* ).

14. *Carter v. Barrett, et al*, No. 78–839A (E.D. Va.1978) (*Bivens* suit against various Air Force officials relating to refusal to grant him all relief concerning his discharge, seeking over $5,000,000 in damages; transferred to United States District Court for the Southern District of Texas for failure to comply with *Telectron* order; dismissed).

15. *Carter v. Theus*, No. 79–K–630 (D. Colo.1979) (action seeking various back pay and allowances allegedly owed by the Air Force from 1953 to 1960; dismissed).

16. *Carter v. United States*, No. 79–440C(1) (action seeking *de novo* review of *Carter v. Reed, supra*, No. 76–1012 (D.D.C.

1976) on theory that Privacy Act granted right to review of 1976 discharge; dismissed for failure to comply with *Telectron* ). Case is reported at 83 F.R.D. [116] 117 (D. Mo.1979), *aff'd* No. 79–1655 [624 F.2d 1109] (8th Cir.1980).

17. *Carter v. Orr, et al.*, No. C–81–155–E (W.D. Okla.1981) (action challenging the 1976 discharge on the basis of the Privacy Act; dismissed for failure to comply with *Telectron*).

18. *Carter v. Pafenberg, et al.*, No. 82–JM–1329 (D. Colo.1982) (*Bivens* suit against the members of the AFBCMR who issued the 1981 opinion denying him all relief; dismissed for failure to comply with *Telectron*. Appeal dismissed for want of prosecution.

19. *Carter v. Department of the Air Force and the United States*, No. 83–0985 (D.D.C. 1984) (Gesell, J.) (action seeking *de novo* review of the denial of his Privacy Act claim as well as the correction of his military records, back pay and allowances; dismissed with prejudice *sua sponte* on grounds of *res judicata;* motion for reconsideration denied). Appeal dismissed *sua sponte* for failure to file timely notice of appeal. *Carter v. Department of the Air Force and the United States*, No. 84–5101 (D.C. Cir. Apr. 11, 1984).