**James Soloman SMITH, Jr., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 01–127C.**

United States Court of Federal Claims.

Nov. 26, 2001.

James Soloman Smith, Jr., pro se, for the plaintiff.

Gary J. Dernelle, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom on the brief were, Deborah A. Bynum, Assistant Director; David M. Cohen, Director; and Stuart E. Schiffer, Acting Assistant Attorney General, for the defendant.

### OPINION

MARGOLIS, Senior Judge.

This action is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1)

of the United States Court of Federal Claims. Plaintiff, James Soloman Smith, Jr., seeks $50 million for alleged constitutional violations stemming from his arrest, prosecution, and conviction for first-degree arson in the Superior Court of Clayton County, Georgia. After careful consideration, defendant's motion to dismiss for lack of jurisdiction is granted.

### FACTS

In 1992, plaintiff was convicted in Georgia Superior Court of first-degree arson and sentenced to seven years in prison. Plaintiff sought a writ of habeas corpus from the United States District Court for the Northern District of Georgia and that Court conditionally ordered his release unless the State of Georgia allowed plaintiff to appeal his conviction with the assistance of appointed counsel. Plaintiff, thereafter, commenced in the same District Court a 42 U.S.C. § 1983 action against the investigating police officer and Clayton County seeking $50 million in compensatory and punitive damages asserting constitutional violations stemming from his arson arrest and prosecution. Plaintiff's action was dismissed by summary judgment, and the District Court's decision was affirmed by the United States Court of Appeals for the Eleventh Circuit.

Plaintiff now files a similar action in this Court. Specifically, Plaintiff asserts that (1) a warrantless search of his home and his subsequent arrest violated his Fourth Amendment rights; (2) his due process rights were violated when pre-trial procedures were not followed and he was not provided a copy of his criminal trial transcript; (3) his Sixth and Fourteenth Amendment rights were violated when he was forced to appear at state court pre-trial proceedings without counsel; (4) his Sixth Amendment rights were violated when undercover informants obtained incriminating evidence during his pre-trial incarceration; (5) his substantive due process rights were violated when the original indictment was amended; (6) his Sixth Amendment rights were violated when he was provided ineffective assistance of counsel; (7) he was denied a fair trial because the Georgia trial judge was biased; (8) his due process rights were violated because he was denied appellate counsel and an opportunity to present oral argument; (9) the District Court violated the Fifth and Fourteenth Amendments when it denied several motions plaintiff brought in his civil action and granted defendant's motion for summary judgment; and, (10) the State of Georgia forced plaintiff into involuntary servitude violating the Thirteenth Amendment, the only novel claim plaintiff raises with this Court. Plaintiff does not allege a takings claim under the Fifth Amendment of the United States Constitution.

### DISCUSSION

The sole issue before this Court is whether it has subject matter jurisdiction over the various constitutional claims brought before it. Jurisdiction of the United States Court of Federal Claims is based on the Tucker Act, 28 U.S.C. § 1491(a)(1), which states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

■ The Tucker Act confers jurisdiction, but does not create a substantive right enforceable against the United States for monetary damages. *See Mitchell v. United States*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). For plaintiff to invoke this Court's limited jurisdiction, he "must state a claim based on one of the specific constitutional provisions, federal laws, or federal regulations that mandate payment of money damages." *Noel v. United States*, 16 Cl.Ct. 166, 169 (1989) (citing *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)); *see also Sanders v. United States*, 34 Fed.Cl. 75, 78 (1995).

■ Plaintiff's constitutional claims alone are insufficient to invoke the jurisdiction of this Court without establishing that, as a matter of law, monetary compensation is a

**38**

mandated remedy. Plaintiff's claims consist of an illegal search and seizure in violation of the Fourth Amendment, multiple violations of his due process rights under the Fifth and Fourteenth Amendments, ineffective assistance of counsel in violation of the Sixth Amendment, and involuntary servitude in violation of the Thirteenth Amendment. This Court, however, has already established that the types of constitutional claims plaintiff asserts here do not independently mandate the payment of money damages by the United States. *See Milas v. United States,* 42 Fed.Cl. 704, 710 (1999) (Sixth Amendment claim does not mandate money payment), *aff'd,* 217 F.3d 854 (Fed.Cir.1999); *McCauley v. United States,* 38 Fed.Cl. 250, 266 (1997) (Fifth or Fourteenth Amendment due process clause not independent grounds for money damages), *aff'd,* 152 F.3d 948 (Fed. Cir.1998); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995) (violations of Fifth Amendment due process clause do not mandate payment of money); *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988) (Fourth Amendment search and seizure violations and Fifth Amendment due process violations do not mandate monetary relief); *Carter v. United States,* 228 Ct.Cl. 898, 1981 WL 21523, *1 (1981) (Fifth Amendment due process clause, Sixth, and Thirteenth Amendments do not grant a right to monetary payment). Plaintiff does not base any of his claims on federal law mandating compensation and has not presented a takings claim requiring just compensation under the Fifth Amendment. *See* 28 U.S.C. § 1491; *Frank's Livestock & Poultry Farm, Inc. v. United States,* 17 Cl.Ct. 601, 607 (1989) *aff'd,* 905 F.2d 1515 (Fed.Cir.1990). Thus, this Court does not have jurisdiction over plaintiff's enumerated claims.

 Jurisdiction over plaintiff's action is further limited because this Court does not have jurisdiction over civil rights claims brought under 42 U.S.C. § 1983, the presumed authority for plaintiff's action. *See Osborn v. United States,* 47 Fed.Cl. 224, 232 (2000) (citing *Blassingame v. United States,* 33 Fed.Cl. 504, 505, *aff'd,* 73 F.3d 379 (Fed. Cir.1995)). Additionally, although plaintiff names the United States as defendant, the source of plaintiff's alleged constitutional in-juries emanate from state and federal officials, and this Court is without jurisdiction to review their conduct. *Frank's Livestock & Poultry Farm, Inc.,* 17 Cl.Ct. at 607 (jurisdiction over the United States, not federal officials); *Vlahakis v. United States,* 215 Ct. Cl. 1018, 1978 WL 8450 (1978) (state officials' action outside of Court's jurisdiction). Lastly, the issues plaintiff raises in this Court were decided in state court and other federal courts. This Court cannot review the final decisions of those courts and is without jurisdiction to do so. *See Allustiarte v. United States,* 256 F.3d 1349, 1352 (Fed.Cir.2001).

### CONCLUSION

For these reasons, this Court finds that it does not have jurisdiction over plaintiff's complaint. Thus, the government's motion to dismiss for lack of jurisdiction is GRANTED. The clerk shall enter judgment for the defendant. No costs.