Albert H. CARTER, Plaintiff-Appellant,

v.

Jack HEARD, Sheriff of Harris County,
Texas, Defendant-Appellee.

No. 76–3198.

United States Court of Appeals,
Fifth Circuit.

April 12, 1979.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Albert H. Carter, pro se.

Herbert D. Yates (Ct. Appointed—Not under the act), Houston, Tex., for plaintiff-appellant.

Carol S. Vance, Dist. Atty., Joe Wesweber, County Atty., Harris County, Joe Moss, Asst. Dist. Atty., Harris County, Houston, Tex., for defendant-appellee.

Before GEE and VANCE, Circuit Judges, and HUNTER,* District Judge.

GEE, Circuit Judge:

Carter, an incarcerated felon as well as an inveterate and devious pro se litigator,[1] seeks injunctive and declaratory relief from a state court judgment for $569.75 which he claims resulted from a civil trial *in absentia*. His complaint under 42 U.S.C. § 1983 states that he received no notice of the trial, that the trial was held during his absence in prison, and that no counsel was appointed to represent him. These and other asserted violations of his Fourteenth Amendment rights are said to infect the judgment. The trial court dismissed his complaint as stating no claim meriting relief because of a want of state action and an absence of jurisdiction to interfere with state judgments.

Whether those propositions are sound we need not decide, for Carter's pleadings make plain that he is not entitled to the relief he seeks. As for the injunction sought, he has asserted no threatened, irreparable injury, and the obvious pleaded facts of the matter are to the contrary. On Carter's allegations this judgment had remained unsatisfied for almost five years at the time of his complaint. If any attempts were made to collect it during that period he does not say so, nor does he assert that

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. See *Carter v. Telectron, Inc.*, 452 F.Supp. 944 (S.D.Tex.1977), in which are noted 178 cases then known to have been filed by Carter in the course of his innumerable legal vendettas maintained in forma pauperis and therefore at public expense, as well as some of his practices, *i. e.*, the filing of spurious, forged answers on behalf of defendants whom he has sued, answers which in effect confess judgment.

execution has issued upon it, is about to be levied, or anything of the kind. Further, he claims to be a pauper and proceeds in that mode, though asserting that he has expectations. To paraphrase, the injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened. Wright & Miller, Federal Practice and Procedure: Civil § 2942, p. 370. We do not sit to enjoin hypothetical wrongs, or to purge state records of dormant judgments which may be the result of procedural wrongs, however grievous.

As for the declaratory judgment Carter seeks, 28 U.S.C. § 2201 requires "a case of actual controversy," the term "actual" being added for emphasis. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Carter has no such controversy with the sole defendant, Sheriff Heard of Harris County, who presumably has no—or the barest professional—interest in the innumerable judgments, slumbering peacefully in the county records, which he may some day be asked to enforce. Moreover it certainly appears that the owner of the judgment, whoever or whatever that may be, is an indispensible party to proceedings which have as their aim destructior of his property.

Given Carter's admitted and demonstrated proficiency in such matters as this, we see no occasion to remand for an opportunity to amend, as we might otherwise do in the course of our customary indulgence toward prisoners proceeding pro se. We do, however, modify the order of dismissal below to be without prejudice, so that Carter will have a free hand to defend himself should this sleeping dog ever awake. As so modified, the order is

AFFIRMED.