This plaintiff, "an inveterate and devious pro se litiga-' tor,” Carter v. Heard, 593 F.2d 10, 11 (5th Cir. 1979), has petitioned this court to help him undo the consequences of his misuses of legal processes. He claims that the order of the United States District Court in Carter v. Telectron, Inc., 452 F. Supp. 944 (S.D. Tex. 1977), dismissing his in forma pauperis lawsuits in that court and controlling his future *636 filing of lawsuits in all courts, worked an unconstitutional deprivation of his property, and entitles him to a money judgment against the United States. He also alleges that the actions of certain federal judges in following this order deprived him of his property, with the same consequence. The government moves to dismiss this suit on the ground that it fails to state a claim within our jurisdiction.
In Carter v. Telectron, Inc., supra, the United States District Court for the Southern District of Texas ruled that because of plaintiffs untrue affidavits of indigency and other deceptive practices, he was not entitled to reinstate, by use of the in forma pauperis provisions of 28 U.S.C. § 1915, any of the 17 lawsuits which he had filed in that court and which had been dismissed for his failure to pay filing and service fees. The court also dismissed with prejudice those actions that were identical in substance to previous complaints filed by plaintiff, which had been disposed of on the merits or were demonstrably frivolous and without arguable merit.
The court further found, following its own investigation, that plaintiff had routinely used the privilege of proceeding in forma pauperis "not in the bona fide pursuit of meritorious causes, but rather . . . toward the perpetual exploitation, abuse and harassment of the judicial system and various defendants who have figured in his life over the past two decades.” Id. at 946. It noted that plaintiffs practices had hitherto succeeded because of the lack of regular communication among autonomous courts. Id. at 990. In order to protect these courts and defendants against further harassment, the court, utilizing its auxiliary powers under the "All Writs” Statute, 28 U.S.C. § 1651, ordered the plaintiff to comply with various conditions "in every cause of action hereafter filed in any federal or state court. . . .” Id. at 1003. The purpose of these conditions was to deter plaintiff from further harassing other courts and to alert those courts in which plaintiff may file lawsuits in the future to plaintiffs history of abuse of legal process.
Plaintiff claims that this decision and the actions of other federal judges implementing it unconstitutionally deprived him of property and entitle him to relief against the United States. He alleges that the judge who issued the decision *637 acted unconstitutionally, denying plaintiff basic procedural rights, exceeding judicial and federal jurisdiction, and imposing cruel and unusual punishment.
The plaintiffs petition fails to state any claim for relief against the United States. The judicial activities of which the plaintiff complains do not come within the just compensation clause. Nor does plaintiff have any claim for money on the theory that the district court’s decision deprived him of his rights under the fifth amendment to the Constitution, since the due process clause does not grant any right to damages from the United States. Vlahakis v. United States, 215 Ct. Cl. 1018, 1019 (1978); Walton v. United States, 213 Ct. Cl. 755, 757 (1977). See also United States v. Testan, 424 U.S. 392, 401-02 (1976).
Accordingly, defendant’s motion is granted, and the petition is dismissed.
Plaintiffs motion to vacate judgment was denied June 12, 1981; plaintiffs petition for a writ of certiorari was denied, 454 U.S. 943 (1981).