Albert H. **CARTER**, Plaintiff-Appellant,

v.

Ray **HARDY**, Defendant-Appellee.

No. 83–2248

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 16, 1984.

Albert H. Carter, pro se.

Billy E. Lee, Asst. County Atty., Anthony F. Loria, Houston, Tex., for defendant-appellee.

Before GEE, REAVLEY and RANDALL, Circuit Judges.

GEE, Circuit Judge:

Carter, whose past history as a litigant amply warrants the skepticism implicit in the rulings on appeal,[1] brings to us the dismissal of his § 1983 action seeking expungement of various of his convictions from state records. The district court dismissed Carter's action with prejudice where he failed to appear in person, as directed, at any of a series of scheduled and rescheduled hearings at which he was to show cause why he was unable to pay court costs. These were ordered, despite Carter's having filed an affidavit of indigency fair on its face and under penalty of perjury indicating assets of $2 American, because of Carter's egregious track record

of hobby litigation and abuse of the judicial system. We note that his complaint contains one claim possessing arguable merit, that grounded in a federal judgment ordering a judgment of acquittal in one of the state cases complained of.

We note also Carter's complaint that the transportation expense from his Colorado residence to court would equal or exceed the filing fees in question, so that even were he to succeed at the scheduled hearing, he would have been unjustly mulcted, and that as an indigent he could foot neither expense. We conclude that Carter has a point, and accordingly that we must vacate the order appealed from and remand for a determination whether Carter's indigency cannot be determined in some other manner than one necessitating his interstate travel to the site of the court.[2]

VACATED and REMANDED.

---

1. *See, e.g., Carter v. Heard,* 593 F.2d 10, 11 n. 1 (5th Cir.1979).

2. In doing so, we note that other sanctions lie ready to the district court's hand. Carter's affidavit was, after all, made under penalty of perjury. Nor do his filings appear to be in compli-

ance with the standing order governing his litigation entered in *Carter v. Telectron, Inc.,* 452 F.Supp. 944 (S.D.Tex.1977), a circumstance upon which we do not think we can rely since it was not raised below.