11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dr. Christian SAHAGIAN, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5147.
 United States Court of Appeals, Federal Circuit.
 Oct. 25, 1993.
Rehearing Denied Dec. 8, 1993.
 
 Before MICHEL, Circuit Judge, SMITH, Senior Circuit Judge and PLAGER, Circuit Judge.
 SMITH, Senior Circuit Judge.
 
 
 1
 Dr. Christian Sahagian appeals the dismissal of his complaint by the United States Court of Federal Claims, for lack of subject matter jurisdiction. The court determined that a writ of habeas corpus and other forms of relief requested by appellant were not within its statutorily conferred power to grant. We affirm.
 
 Facts
 
 2
 Appellant was convicted of armed robbery by a Wisconsin circuit court on 18 February 1982 and presently is incarcerated in a State of Wisconsin correctional facility. Asserting jurisdiction under 28 U.S.C. Sec. 1491(a)(2) (1988) and echoing some of the language of that statutory subsection, appellant petitioned the United States Court of Federal Claims for "issuance of an order for a writ of habeas corpus and order to U.S. officials for placement in appropriate duty or retirement status and criminal prosecutions." Appellant's petition alleged that his incarceration was unlawful and that officials of the Wisconsin Department of Corrections had contaminated his food and had intentionally denied him medical attention in retaliation for his prior legal challenges to his incarceration. Specifically, appellant requested the Court of Federal Claims to order the Federal Bureau of Investigation to initiate criminal proceedings against the Department of Corrections officials and to order "any appropriate official of the United States with proper jurisdiction ... to show cause ... why a writ should not issue for the petitioner's release from custody."
 
 
 3
 On 28 April 1993 the Court of Federal Claims concluded that it was not statutorily empowered to entertain any of appellant's claims and, consequently, dismissed his complaint for lack of subject matter jurisdiction. An appeal to this court was timely filed on 25 May 1993. Subsequent to filing his notice of appeal, appellant filed an unsuccessful motion for reconsideration with the Court of Federal Claims, as well as a motion to remand that was denied by this court on 12 July 1993.
 
 Jurisdiction
 
 4
 "[J]urisdiction being a question of law," we exercise complete and independent review of the Claims Court's dismissal of appellant's complaint for lack of jurisdiction. Transamerica Ins. Corp. v. United States, 973 F.2d 1572, 1576 (Fed.Cir.1992). None of appellant's claims asserts violation of any federal laws that inherently provide the requisite jurisdictional predicate for an action properly brought before the Court of Federal Claims--a substantive right to recover money damages from the United States coupled with the Government's express immunity waiver and consent to be sued. Even if appellant's claims were construed to be grounded either in the Due Process or Equal Protection Clauses of the Fourteenth Amendment or in the Eighth Amendment's guarantee against cruel and unusual punishment, none of these constitutional provisions creates a cause of action against the United States for money damages. Wright v. United States, 20 Cl.Ct. 416, 420-21 (1990). Furthermore, appellant's grievances are tortious in nature, and the requested relief is nonmonetary. For these reasons, jurisdiction over appellant's claims does not lie in the Court of Federal Claims; therefore, the court's dismissal of appellant's complaint for lack of jurisdiction was proper. See 28 U.S.C. Sec. 1491(a)(1) (1988). Finally, appellant's invocation of 28 U.S.C. Sec. 1491(a)(2) as a basis for Claims Court jurisdiction is without merit. The provisions of subsection 1491(a)(2) are not jurisdiction enabling but, rather, are "an incident of and collateral to" jurisdiction as properly conferred under subsection 1491(a)(1). See 28 U.S.C. Sec. 1491(a)(2) (1988).