# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2021

Lyle W. Cayce
Clerk

No. 19-60077

United States of America,

*Plaintiff—Appellee*,

*versus*

Everett Earl Parker,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:16-CV-58

Before Davis, Duncan, and Oldham, *Circuit Judges*.
W. Eugene Davis, *Circuit Judge*:

Everett Earl Parker, federal prisoner # 01574-095, appeals the district court's judgment denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. In 2003 Parker pleaded guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). The district court imposed a mandatory life sentence for the armed bank robbery, as required by the federal three-strikes law, 18 U.S.C. § 3559(c)(1), because the offense was a "serious violent felony" and Parker had two prior convictions for "serious violent felonies." Parker argues that his life sentence should be

No. 19-60077

vacated in light of *Johnson v. United States*,[1] wherein the Supreme Court held that the "residual clause" in the definition of "violent felony" under the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. As set forth below, because Parker's prior convictions qualify as "serious violent felonies" without relying on the "residual clause" of § 3559(c)(2)(F)(ii), we AFFIRM.

On appeal from the denial of a § 2255 motion, this Court generally reviews the district court's legal conclusions de novo and its factual findings for clear error.[2] Section 3559(c)(1)(A)(i) provides that a defendant "shall be sentenced to life imprisonment" if he is convicted of a "serious violent felony" and has two or more prior convictions for "serious violent felonies." For purposes of this provision, a "serious violent felony" is defined as one of a list of enumerated "Federal or State offense[s], by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118)" ("enumerated offense clause"); an "offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another" ("force clause"); or an offense "that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense" ("residual clause").[3]

In *Johnson*, the Supreme Court examined the ACCA, which mandates increased punishments for defendants convicted under 18 U.S.C. § 922(g) who have three prior convictions for "violent felonies" or serious drug

---

[1] 576 U.S. 591, 597 (2015).

[2] *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013).

[3] § 3559(c)(2)(F).

offenses.[4] The Court concluded that the so-called "residual clause" in § 924(e)(2)(B)(ii), which defined "violent felony" for purposes of the ACCA in part as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague and that imposing an increased sentence under that provision violated due process.[5]

In *Sessions v. Dimaya*,[6] the Supreme Court held that a similar residual clause in 18 U.S.C. § 16(b) was unconstitutionally vague.[7] In *United States v. Davis*,[8] the Court also held that the residual clause of § 924(c)(3)(B), which is "almost identical" to the residual clause in § 16(b), was unconstitutionally vague. The Supreme Court's language in *Davis* may support an extension of the rule to the residual clause in § 3559(c)(2)(F)(ii). Specifically, in reaching its conclusion that § 924(c)(3)(B) was unconstitutionally vague, the Court noted that § 924(c)(3)(B)'s residual clause bore "more than a passing resemblance" to the residual clauses held unconstitutional in *Johnson* and *Dimaya*.[9] The residual clause of § 3559(c)(2)(F)(ii) at issue in this matter is almost identical to the residual clauses at issue in *Dimaya* and *Davis*. We need not decide, however, whether *Davis* is applicable to the residual clause in § 3559(c)(2)(F)(ii) because, as set forth below and as the district court determined, Parker's prior convictions qualify as "serious violent felonies"

---

[4] 576 U.S. at 593.

[5] *Id.* at 593-97.

[6] 138 S. Ct. 1204, 1223 (2018).

[7] The residual clause at issue in *Dimaya* provided that a "crime of violence" is a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* § 16(b).

[8] 139 S. Ct. 2319, 2339 (2019).

[9] *Id.* at 2325-26.

No. 19-60077

under the "enumerated offense clause" and the "force clause" of § 3559(c)(2)(F).

As reflected in the Presentence Report ("PSR"), one of Parker's prior convictions was a federal conviction for "bank robbery," which we can assume was a conviction under § 2113.[10] Parker asserts that because the PSR did not state the specific subsection of § 2113 his conviction fell under, then the conviction was possibly for bank larceny under § 2113(b), which may not qualify as a "serious violent felony." After Parker's opening brief was filed, we granted the Government's motion to supplement the record with certified records pertaining to Parker's prior bank robbery conviction. The supplemental record clearly shows that Parker was convicted of "bank robbery" under § 2113(a). As noted above, § 3559 defines the term "serious violent felony" to include a list of enumerated offenses, including "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118)."[11] We hold that under the plain language of § 3559(c)(2)(F)(i), robbery under § 2113(a) is an enumerated offense that falls within the statute's definition of "serious violent felony."

Parker was also previously convicted of Louisiana armed robbery, which, at the time of the offense in 1970, was defined as "the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous

---

[10] Section 2113 is entitled "Bank robbery and incidental crimes" and provides for a maximum sentence of 20 years for anyone who "by force and violence, or by intimidation, takes, or attempts to take . . . property or money . . . [from] any bank, credit union, or any savings and loan association." § 2113(a). The Government also filed a "Notice of Prior Serious Violent Felony" conviction stating that Parker was previously convicted in federal court of "Bank Robbery" and in a Louisiana court of "Armed Robbery."

[11] *See* § 3559(c)(2)(F)(i).

4

weapon."[12] "Theft" was defined as "the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations."[13]

The definition of Louisiana armed robbery is almost identical to the definition of robbery set forth in § 2111, which is an enumerated offense under § 3559(c)(2)(F)(i). Specifically, § 2111 provides: "Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years." Because Louisiana armed robbery is a "State offense" that meets the definition of robbery as described in § 2111, it is a "serious violent felony" under the enumerated offense clause of § 3559(c)(2)(F)(i).

We additionally determine that Louisiana armed robbery is a "serious violent felony" under the "force clause" of § 3559(c)(2)(F)(ii). This Court recently held that Louisiana armed robbery is a "violent felony" under the ACCA's force clause.[14] The language of the ACCA's force clause, § 924(e)(2)(B)(i), is very similar to the language of the force clause in § 3559(c)(2)(F)(ii).[15] We therefore hold that Louisiana armed robbery falls

---

[12] La. Rev. Stat. Ann. § 14:64 (1970).

[13] *Id.* § 14:67.

[14] *United States v. James*, 950 F.3d 289, 290 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1396 (2021). Although *James* involved the current version of the Louisiana armed robbery statute, there is no material difference between the current and prior versions of the statute. The prior version used the word "theft" in the definition of armed robbery, while the current version incorporates the definition of theft ("the taking of anything of value belonging to another") into the definition of armed robbery.

[15] *United States v. Rose*, 587 F.3d 695, 704 & n.7 (5th Cir. 2009) (per curiam).

within the definition of "serious violent felony" under the "force clause" of § 3559(c)(2)(F)(ii).[16]

Parker asserts that there is an "absence of reliable information" that he was armed during the robbery or that any victim was injured. As the Government points out, however, § 3559(c)(3)(A) places the burden on Parker to establish by "clear and convincing evidence" that no dangerous weapon was involved in the offense and that the offense did not result in injury to the victim in order for a prior conviction not to be considered a "serious violent felony." Parker produced no such evidence here.

Because Parker's prior convictions qualify as "serious violent felonies" without relying on the "residual clause" in § 3559(c)(2)(F)(ii), the district court did not err in denying Parker's § 2255 motion. Accordingly, the district court's judgment is AFFIRMED.

---

[16] We note that the Supreme Court's recent decision in *Borden v. United States*, No. 19-5410, 2021 WL 2367312 (S. Ct. June 10, 2021), which held that "reckless offense[s]" do not satisfy the ACCA's force clause, does not affect our holding in this matter because Louisiana armed robbery is a "specific intent crime." *See State v. May*, 339 So.2d 764, 774 (La. 1976).