# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 17, 2022

Lyle W. Cayce
Clerk

No. 21-50206

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADRIAN JIMMY STOGLIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-319-DC

Before HIGGINBOTHAM, DENNIS, and GRAVES, *Circuit Judges*.
JAMES L. DENNIS, *Circuit Judge*:

Adrian Jimmy Stoglin pleaded guilty to drug trafficking and firearms offenses. The district court applied a recidivist enhancement based on Stoglin's prior conviction in Texas state court for aggravated assault. Stoglin argues on appeal, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), that the district court plainly erred by applying the enhancement because his prior offense could be committed recklessly, taking it outside of the definition of prior offenses that qualify for the enhancement. We agree. We therefore VACATE Stoglin's sentence and REMAND for resentencing consistent with this opinion.

1

No. 21-50206

## I.

Adrian Jimmy Stoglin was charged by indictment with one count of conspiracy to distribute and to possess with intent to distribute twenty-eight grams or more of cocaine base and one count of knowingly possessing a firearm in furtherance of the drug trafficking offense. In addition, the indictment alleged that Stoglin had a prior serious violent felony conviction based on his Texas conviction for aggravated assault with a deadly weapon, for which he served more than twelve months in prison. In light of that prior conviction, the magistrate judge advised Stoglin that his statutory sentencing range for the drug offense was ten years to life in prison and the mandatory minimum supervised release term was eight years. *See* 21 U.S.C. § 841(b)(1)(B). Stoglin pleaded guilty to both of the charges against him.

The probation officer preparing the presentence report (PSR) determined that Stoglin had a total offense level of twenty-one for the drug offense and a criminal history category of IV, resulting in an advisory guidelines range of 57–71 months. However, because Stoglin faced a statutory minimum sentence of 120 months, this became the applicable guidelines range for the cocaine base conspiracy. Stoglin did not object to the PSR. The district court sentenced Stoglin to 120 months in prison for the conspiracy and 60 months for the firearm offense, to run consecutively and to be followed by concurrent eight-year and five-year terms of supervised release. Stoglin filed a timely notice of appeal. FED. R. APP. P. 4(b)(1)(A)(i).

## II.

Because Stoglin did not object in the district court, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 135. If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously

2

No. 21-50206

affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (citation omitted).

A drug offense involving twenty-eight grams or more of cocaine base typically results in a statutory sentencing range of five to forty years in prison and no less than four years of supervised release. § 841(b)(1)(B)(iii). However, the sentencing range increases to ten years to life and to no less than eight years of supervised release if the offense is committed "after a prior conviction for a . . . serious violent felony has become final." § 841(b)(1)(B). A "serious violent felony" is defined in relevant part as "an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months." 21 U.S.C. § 802(58)(A). Section 3559 defines the term as a list of enumerated offenses (the enumerated offense clause); "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); or any offense "that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 3559(c)(2)(F). Stoglin contends that the residual clause in § 3559(c)(2)(F) contains substantively identical language to that in other statutes that have been found to be unconstitutionally vague, and the Government does not rely on the residual clause to argue that Stoglin's prior offense was a serious violent felony.

## III.

Stoglin argues—and the Government concedes—that he has established a clear and obvious error that violated his substantial rights because Stoglin's prior Texas conviction for aggravated assault does not qualify as an 18 U.S.C. §3559 serious violent felony. We agree.

No. 21-50206

*A. Clear and obvious error*

The Government alleged that Stoglin had a serious violent felony based on his 1999 guilty plea to one count of aggravated assault with a deadly weapon in Texas court, which resulted in a ten-year sentence.[1] Aggravated assault is not included in the enumerated offense clause of § 3559(c)(2)(F)(i). Accordingly, Stoglin's sentence was properly enhanced only if it falls under the elements clause of § 3559(c)(2)(F)(ii).

In *Borden*[2], the Supreme Court held that an offense requiring the use, attempted use, or threatened use of physical force against another person cannot be an Armed Career Criminal Act (ACCA) "violent felony" if it criminalizes reckless conduct. *See Borden*, 141 S. Ct. at 1825. In relevant part, and with language identical to that of ACCA's elements clause, § 3559(c)(2) defines a "serious violent felony" as an "offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 3559(c)(2)(F)(ii).

A person commits aggravated assault in Texas "if the person commits assault as defined in [Texas Penal Code] § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code § 22.02(a)(1) & (2). An assault under Texas Penal Code § 22.01 is committed when a person:

---

[1] This court granted the Government's motion to supplement the appellate record with copies of the state court documents.

[2] Because *Borden* was decided while Stoglin's case was pending on direct appeal, he is entitled to the benefit of that decision. *See United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) ("[W]here the law is unsettled at the time of trial but settled by the time of appeal, the 'plainness' of the error should be judged by the law at the time of appeal.").

No. 21-50206

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

§ 22.01(a)(1)-(3).

In our recent decision in *United States v. Gomez Gomez*, 23 F.4th 575 (5th Cir. 2022), we observed that Texas aggravated assault under Texas Penal Code §§ 22.01(a)(1), 22.02(a)(2) "includes three indivisible mental states, one of which is recklessness." (citations omitted). We held, therefore, that the offense could not qualify as a "crime of violence" under the elements clause of 18 U.S.C. 16(a), because it was almost identical to the elements clause of the ACCA interpreted in *Borden*. We also noted that despite the vote being split 4-1-4, *Borden* is not limited to the facts under the rule set forth in *Marks v. United States*, 430 U.S. 188, 193 (1977), because "Justice Thomas and Justice Kagan (writing for herself and three fellow justices) both conclud[ed] that an offense requiring the 'use of physical force against the person of another' entails a mental state beyond mere recklessness." *Id*. at 577 n.1 (citations omitted).

We have also held that, in the context of a 28 U.S.C. § 2255 proceeding, an offense that qualifies as a "violent felony" under the ACCA's elements clause also qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii) because the language of the two clauses is "very similar." *United States v. Parker*, 3 F.4th 178, 181 (5th Cir. 2021). Conversely, then, an offense that does not qualify as a violent felony under ACCA's elements

5

No. 21-50206

would *not* qualify as a serious violent felony under 18 U.S.C. § 3559(c)(2)(F)(ii) because the language of the two clauses is "very similar."

Indeed, the state court papers reflect that Stoglin was charged with and admitted to intentionally and knowingly causing bodily injury, which tracks the language of § 22.01(a)(1). As noted above, § 22.01(a)(1) prohibits intentional, knowing, or reckless conduct. Although the Texas indictment alleges and the plea agreement finds that Stoglin committed the offense intentionally or knowingly rather than recklessly, the Government acknowledges that the *mens rea* requirement of § 22.01(a)(1) is not divisible, and therefore the crime that Stoglin pleaded to and was convicted of *could* be committed recklessly. *See Gomez-Perez v. Lynch*, 829 F.3d 323, 328 (5th Cir. 2016) (concluding that the *mens rea* requirement of § 22.01(a)(1) is not divisible in determining whether an offense is a crime of moral turpitude under the immigration statutes).

Therefore, under *Borden*, because Texas aggravated assault can be committed recklessly, Stoglin has not committed a serious violent felony as defined by § 3559(c)(2)(F)(ii). Consequently, the district court committed a clear and obvious error.

## *B. Effect on substantial rights*

To establish that a sentencing error affected substantial rights, a defendant must show "a reasonable probability that, but for the district court's [error], he would have received a lesser sentence." *United States v. Martinez-Rodriguez*, 821 F.3d 659, 663-64 (5th Cir. 2016) (internal quotation marks and citation omitted). Because it had determined that Stoglin's prior conviction constituted a serious violent felony, the district court imposed a 120-month sentence and an eight-year term of supervised release for the cocaine conspiracy which was the statutory minimum under § 841(b)(1)(B). If Stoglin did not have a serious violent felony, the statutory sentencing range

would be five to forty years in prison and a minimum of four years of supervised release, and he would face an advisory guidelines range of sixty to seventy-one months in prison. § 841(b)(1)(B); *see* U.S.S.G. § 5G1.1(c)(2). "When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016).

This court has found that such an error does not warrant reversal if the district court indicated that it would impose the same sentence regardless of an error under the Guidelines. *See, e.g., United States v. Reyna-Aragon*, 992 F.3d 381, 388-89 (5th Cir. 2021) (finding error was harmless because the district court indicated that it would have imposed the same sentence if its guidelines calculations were incorrect), *cert. denied*, 142 S. Ct. 369 (2021). In this case, the district court did not address the lower guidelines range, given the conclusion that Stoglin's Texas aggravated assault conviction qualified as a serious violent felony. Moreover, the district court did not indicate that it would have imposed the same 120-month sentence and the same extended term of supervised release even if the enhanced penalty ranges of § 841(b)(1)(B) did not apply. Thus, the parties are correct in concluding that the error affected Stoglin's substantial rights. *See Molina-Martinez*, 578 U.S. at 198; *Puckett*, 556 U.S. at 135.

## C. Discretion to correct error

There is "no precise formula" for this court's exercise of its discretion to correct a plain error. *United States v. Andaverde-Tinoco*, 741 F.3d 509, 524 (5th Cir. 2013). However, the fourth prong "is not automatically satisfied once the other three prongs are met." *United States v. Kirkland*, 851 F.3d 499, 505 (5th Cir. 2017). "[T]he burden is on the defendant to demonstrate that the error affects the fairness, integrity, or public reputation

of judicial proceedings." *Andaverde-Tinoco*, 741 F.3d at 523. "In the ordinary case . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights will seriously affect the fairness, integrity, and public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018); *see also United States v. Urbina-Fuentes*, 900 F.3d 687, 698 (5th Cir. 2018).

The Government originally agreed with Stoglin's assertion that the error affected the fairness and integrity of judicial proceedings, given its motion to remand the case for resentencing. However, in its brief before this court, the Government argues that this court need not exercise its discretion because the state indictment and plea agreement reflect that Stoglin admitted to acting knowingly and intentionally rather than recklessly. According to the Government, leaving in place the 120-month sentence will not undermine the fairness of the judicial proceedings, as the sentence was appropriate for Stoglin's conduct. *See Arreola-Mendoza*, 2021 WL 5513985, at *2. By contrast, Stoglin asserts that the underlying facts of his prior conviction and other 18 U.S.C. § 3553(a) factors, though relevant for sentencing purposes, should not be the basis for determining whether this court should exercise its discretion.

In *Rosales-Mireles*, the Supreme Court held that this circuit's application of the fourth prong of the plain error standard was incorrect in that case and that the miscalculation of the defendant's criminal history category constituted reversible plain error. 138 S. Ct. at 1906-11. The dissent looked to the severity of Rosales-Mireles's criminal history, noting his "penchant for entering this country illegally and committing violent crimes—especially against women." *Id.* at 1915 (Thomas, J., dissenting). In addition, the dissent suggested that there was no need to correct the error because the sentence imposed fell within the correct guidelines range as well as the incorrect range, indicating a lower likelihood that the error affected the

integrity of judicial proceedings. *Id.* at 1916 (Thomas, J., dissenting). The majority opinion rejected these analyses, stating that "[a] substantive reasonableness determination . . . is an entirely separate inquiry from whether an error warrants correction under plain-error review." *Id.* at 1910. The Court found that the dissent's discussion of the severity of the criminal history "misses the point" of the plain error analysis, as it is a factor to be considered by the district court at resentencing rather than only by a reviewing court in deciding whether to permit that resentencing to occur. *Rosales-Mireles*, 138 S. Ct. at 1910 n.5. This court has also concluded that the severity of a defendant's criminal history is not relevant to the question of whether the error implicates the fairness of judicial proceedings, as long as there is no evidence that the court relied exclusively on that history in imposing the sentence. *See United States v. Perez-Mateo*, 926 F.3d 216, 220 (5th Cir. 2019) (exercising discretion to remand because the district court's statements at sentencing indicated its reliance on the incorrect guidelines range, even though the court also mentioned the defendant's unscored criminal history and numerous deportations); *Urbina-Fuentes*, 900 F.3d at 698-99 (rejecting the Government's argument that the error did not call into question the integrity of the judicial proceedings in light of the defendant's serious criminal history).

Here, the Government contends that the severity of Stoglin's conduct in knowingly and intentionally shooting an individual does not warrant the exercise of this court's discretion. However, as the Supreme Court and this court have suggested, while such an argument is appropriate for determining whether Stoglin ultimately warrants a lower sentence, it is misplaced in this court's consideration of the propriety of a remand. *See Urbina-Fuentes*, 900 F.3d at 698 (relying on *Rosales-Mireles* for the conclusion that "a defendant's criminal history should be irrelevant to [the court's] decision whether or not to grant plain error relief"). Accordingly, this court shall exercise its

No. 21-50206

discretion to correct the district court's error, which affects the fairness and integrity of judicial proceedings. *See Rosales-Mireles*, 138 S. Ct. at 1910 & n.5; *Urbina-Fuentes*, 900 F.3d at 698.

\*        \*        \*

For the foregoing reasons, we VACATE Stoglin's sentence and REMAND for resentencing.