# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 22-30316

United States of America,

*Plaintiff—Appellee*,

*versus*

George M. Fluitt, III, *also known as* Trey Fluitt,

*Defendant—Appellee*,

*versus*

Hurricane Shoals Entities; Khalid Satary,

*Respondents—Appellants*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:20-CR-196-1

Before King, Smith, and Willett, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Appellants Hurricane Shoals Entities and Khalid Satary move for a stay pending the outcome of the appeal in this case. Because none of the four traditional stay factors weigh in favor of Appellants' motion, the motion is DENIED.

I

The United States brought criminal charges against more than a dozen defendants nationwide in an allegedly interrelated scheme of fraud. The Government alleges that these defendants—including Satary—engaged in schemes to bill Medicare and private insurance for genetic testing services that were unnecessary or ineligible for reimbursement, and for violating federal anti-kickback laws. In 2019, the Government seized a large volume of documents from Satary and Hurricane Shoals Entities—a company the Government alleges that Satary operated and controlled. In each of these genetic testing fraud cases, the Government has set up "protocol orders" that create a process for adjudicating claims that documents are privileged.

Satary is not a party to this case. Rather, he is a defendant in another criminal prosecution pending in the Eastern District of Louisiana. George M. Fluitt, III, the defendant here, sought access to potentially privileged documents seized from Appellants. Consistently with the protocol order, the Government's "Filter Team" gave Appellants a chance to make privilege objections to the documents the Government planned to produce to Fluitt. Appellants provided privilege logs to the Filter Team and Fluitt. But Fluitt and the Filter Team both found the privilege logs insufficient and sent written requests for clarification. Appellants refused.

Fluitt then moved to compel Appellants to produce the allegedly privileged documents, arguing that they had waived any assertion of privilege by failing to provide adequate privilege logs. Appellants responded that because they were not parties, they were not bound by or subject to the protocol order and could not be compelled to produce the documents.

The magistrate judge agreed with Appellants that they were not a part of the case, and that as a result the court lacked the authority to use the protocol to compel them to produce documents. But because Appellants asserted they were not subject to the court's jurisdiction, the magistrate judge held that they did not have standing to challenge the sufficiency of the protocol or the motion to compel. The magistrate judge therefore reformed Fluitt's motion to be addressed to the Government which, through its Filter Team, could provide the documents to Fluitt with a court order. Finally, the magistrate judge held that even if Appellants had standing to challenge the protocol, their failure to provide sufficient privilege logs meant that they had waived any right to assert privilege in that case. Thus, the magistrate judge granted Fluitt's motion (as reformed). The district court denied Appellants' "appeal" of the magistrate judge's order. Appellants then filed this appeal.

II

Appellants ask us to grant a stay of the magistrate judge's order pending appeal. Whether to grant a stay pending appeal is committed to our discretion. *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019). "We evaluate '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Texas Democratic Party v. Abbott*, 961 F.3d 389, 397 (5th Cir. 2020). "The first two factors are the most critical." *Valentine v. Collier*, 956 F.3d 797, 801 (5th Cir. 2020) (per curiam).

Appellants are not likely to succeed on the merits because they have forfeited any challenge to the magistrate judge's finding that their privilege logs were deficient. The magistrate judge did not reach the merits of Appellants' claim that the materials were privileged. Rather, the magistrate

judge denied Appellants' motion because (1) as non-parties they did not have standing to challenge the protocol order or Fluitt's motion and (2) they forfeited any privilege by filing inadequate privilege logs and refusing to provide more detailed information when requested by the Filter Team and Fluitt. While on appeal Appellants continue to maintain that the documents are privileged, they do not argue that their privilege logs were in fact adequate. As a result, this argument is forfeited. *See, e.g.*, *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes [forfeiture] of that argument."). And because this argument is forfeited, we review the magistrate judge's holding that Appellants' privilege logs were inadequate only for plain error. "To prevail on plain error review, an appellant must show a forfeited error that is clear or obvious and that affects his substantial rights." *United States v. Stoglin*, 34 F.4th 415, 417 (5th Cir. 2022) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

At the very least, any error by the magistrate judge was not "clear and obvious." A party asserting that information is privileged must "provide sufficient information to permit courts and other parties to 'test[] the merits of' the privilege claim." *EEOC. v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (alteration in original) (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)). The magistrate judge held that Appellants' logs were inadequate because they merely included notations like "attorney-client communication" or "attorney work product" with no further explanation. The magistrate judge found that these logs failed to give Fluitt and the Filter Team enough information to understand the nature of Appellants' claim of privilege. We are not left with a firm conviction that this holding was erroneous. While Appellants raise multiple issues, their contention that the documents are privileged is the linchpin to their appeal. Because Appellants are not likely to prevail on the merits of this foundational

issue, they are not likely to succeed on the merits generally—even if we assume they have legitimate complaints with the Government's method of seizure and the protocol order.

Next, Appellants have not shown that they would be irreparably injured absent a stay. Appellants are concerned that if the allegedly privileged materials are given to Fluitt they will end up in the hands of the Government and will be used against Satary in his case. But the protective order forbids Fluitt from disclosing the materials "to anyone else . . . without further Order of this Court." Appellants respond that Fluitt's only reason for wanting the documents is so that he can use them in his defense, which would require that he disclose the documents to the prosecution. But according to the district court's order, Fluitt would have to submit the documents for in camera review before using them at trial. As a result, Appellants have—at most—a speculative fear of injury. And "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant [for a stay]." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985) (quoting *Carter v. Heard*, 593 F.2d 10, 12 (5th Cir. 1979)).

The third and fourth factors—the possibility of injury to third parties and the public interest—also strongly weigh against issuing a stay. A criminal trial in this case is set for October 17, 2022—just a few weeks away. Staying the order would force the parties to choose between swiftly resolving this case and depriving a criminal defendant of potentially relevant, exculpatory evidence. A stay would also run counter to the public's "societal interest in providing a speedy trial." *Barker v. Wingo*, 407 U.S. 514, 519 (1972).

\*　　\*　　\*

For the reasons discussed above, we DENY Appellants' motion for a stay pending appeal.