# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30919
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Deverrick Martell Winfield,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-170-1

———————————————————————

Before Elrod, Haynes, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Deverrick Martell Winfield appeals the 188-month prison sentence imposed following his guilty plea conviction for distribution of methamphetamine. Winfield argues that, in calculating the applicable imprisonment range under the Sentencing Guidelines, the district court erred in concluding that his prior conviction for the offense of Louisiana

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

second degree robbery constituted a "crime of violence," as defined in U.S.S.G. § 4B1.2(a). Specifically, he contends that Louisiana second degree robbery is a general intent crime that can be committed negligently or recklessly. Thus, it does not satisfy the force clause in § 4B1.2(a)(1) and is not equivalent to the enumerated offense of robbery in § 4B1.2(a)(2). Because Winfield raised this argument in the district court, our review is *de novo*. *See United States v. Garner*, 28 F.4th 678, 681 (5th Cir. 2022).

Winfield pleaded guilty in 2010 to Louisiana second degree robbery. The statute provides today, as it did in 2010, that "[s]econd degree robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another when the offender intentionally inflicts serious bodily injury." La. Stat. Ann. § 14:64.4. Louisiana appellate courts have held that Louisiana second degree robbery requires the defendant to act with specific intent; the defendant must actively desire to inflict serious bodily injury. *See State v. Allen*, 934 So. 2d 146, 152-53 (La. Ct. App. 2006); *see also State v. Fuller*, 414 So. 2d 306, 309-10 (La. 1982) (interpreting a similarly worded statute). Accordingly, the district court did not err in concluding that Louisiana second degree robbery is a specific intent crime and a crime of violence for purposes of § 4B1.2(a). *See Allen*, 934 So. 2d at 152-54; *see also United States v. Parker*, 3 F.4th 178, 181 n.16 (5th Cir. 2021) (indicating that a Louisiana offense's status as a specific intent crime satisfies the identical force clause of the Armed Career Criminal Act).

The judgment of the district court is AFFIRMED.